# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
EDWARD E. VARGAS, BAR NO. 8702

No. 84264

FILED

MAY 19 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK



## *ORDER OF SUSPENSION*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Edward E. Vargas. Under the agreement, Vargas admitted to violating RPC 5.4 (professional independence of a lawyer) and RPC 5.5 (unauthorized practice of law). He agreed to a six-month-and-one-day suspension, to run concurrent with the presently stayed three-month-and-one-day suspension from *In re Discipline of Vargas*, No. 80665, 2020 WL 2521792 (Nev. May 15, 2020) (Order Approving Conditional Guilty Plea Agreement).

As part of his guilty plea agreement, Vargas admitted to the facts and violations included in the complaint and agreed to waive the procedural requirements for lifting the stay in Docket No. 80665, as he also admits to breaching that order. The record therefore establishes Vargas violated the above-listed rules by permitting his assistants/paralegals to accept a legal matter on his behalf for a client with whom he never met. Additionally, his assistants/paralegals worked with a contract lawyer to determine how to proceed with that matter and conveyed the contract lawyer's legal advice to the client, as that lawyer also never spoke with the

22·15849

client. Further, in Docket No. 80665, Vargas had agreed that if he committed any misconduct warranting a letter of reprimand or greater discipline during the two-year probationary period, the stayed portion of his suspension, three months and one day, would be imposed. Vargas admits his underlying misconduct is a breach of the probationary terms of his guilty plea agreement in Docket No. 80665.

The issue for this court is whether the agreed-upon discipline sufficiently protects the public, the courts, and the legal profession. *See In re Discipline of Arabia*, 137 Nev., Adv. Op. 59, 495 P.3d 1103, 1109 (2021) (stating the purpose of attorney discipline). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Vargas knowingly violated duties owed as a professional (professional independence of a lawyer and unauthorized practice of law). His client, the public, and the legal system were potentially injured. His client received incorrect information from Vargas's assistants/paralegals, which led the client to represent himself in the matter. The baseline sanction for his misconduct, before considering aggravating and mitigating circumstances, is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 7.2 (Am. Bar Ass'n 2017) ("Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system."). The record supports the panel's findings of four aggravating circumstances (prior discipline, pattern of

misconduct, multiple offenses, and substantial experience in the practice of law) and one mitigating circumstance (full and free disclosure to disciplinary authority or cooperative attitude toward proceedings). Having considered the four factors, we agree with the panel that suspension is appropriate, and we agree that the stayed portion of the suspension from Docket No. 80665 should be imposed based on Vargas's breach of the probationary terms included in that order.

Accordingly, as to the underlying misconduct, we hereby suspend attorney Edward E. Vargas from the practice of law in Nevada for six months and one day commencing from the date of this order. Further, we vacate the stay in Docket No. 80665, and the underlying suspension shall run concurrently to the three-months-and-one-day suspension remaining in Docket No. 80665. Vargas shall also pay the costs of the disciplinary proceedings, including $2,500 under SCR 120, within 30 days of the date of this order. The parties shall comply with SCR 115 and 121.1.

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.          _____, J.
Hardesty                                              Stiglich

_____, J.          _____, J.
Cadish                                                 Silver

_____, J.          _____, J.
Pickering                                             Herndon

cc: Chair, Southern Nevada Disciplinary Board
Lipson Neilson P.C.
Bar Counsel, State Bar of Nevada
Executive Director, State Bar of Nevada
Admissions Office, U.S. Supreme Court

SUPREME COURT
OF
NEVADA

(O) 1947A